# In the United States Court of Federal Claims
### OFFICE OF SPECIAL MASTERS
(Filed: August 24, 2023)

| | | |
|---|---|---|
| * * * * * * * * * * * * * | | |
| HANNAH L. STEFFENS, | * | UNPUBLISHED |
| | * | No. 19-556V |
| Petitioner, | * | |
| | * | Special Master Dorsey |
| v. | * | |
| | * | Attorneys' Fees and Costs |
| | * | |
| SECRETARY OF HEALTH | * | |
| AND HUMAN SERVICES, | * | |
| | * | |
| Respondent. | * | |
| * * * * * * * * * * * * * | | |

Lawrence G. Michel, Kennedy Berkley, Salinas, KS, for petitioner.
Mallori B. Openchowski, U.S. Department of Justice, Washington, D.C., for respondent.

## DECISION ON ATTORNEYS' FEES AND COSTS[1]

On April 15, 2019, Hannah L. Steffens ("Petitioner") filed a petition in the National Vaccine Injury Program[2] alleging that she suffered from postural orthostatic tachycardia syndrome ("POTS"), sleep apnea, and major depressive disorder as a result of a human papillomavirus ("HPV") vaccine and a meningococcal vaccine ("MCV") she received on July 21, 2016. Petition at Preamble (ECF No. 1). On March 9, 2023, the parties filed a stipulation, which the undersigned adopted as her decision awarding compensation on the same day. (ECF No. 94).

On March 9, 2023, petitioner filed an application for attorneys' fees and costs. Motion for Attorney Fees and Costs (ECF No. 96). Petitioner requests compensation in the amount of

---

[1] This Decision will be posted on the website of the United States Court of Federal Claims' website, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012). **This means the Decision will be available to anyone with access to the internet.** As provided by 44 U.S.C. § 300aa-12(d)(4)B), however, the parties may object to the published Decision's inclusion of certain kinds of confidential information. Specifically, Under Vaccine Rule 18(b), each party has 14 days within which to request redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical filed or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy." Vaccine Rule 18(b). Otherwise, the whole decision will be available to the public in its current form. Id.

[2] National Childhood Vaccine Injury Act of 1986, Pub L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

$41,302.89, representing $29,952.50 in attorneys' fees and $11,350.39 in costs. Fees App. Ex. 1 at 8. Pursuant to General Order No. 9, counsel for petitioner warrants that she has not personally incurred any costs in pursuit of her claim for compensation. (ECF No. 58). Respondent filed his response on March 15, 2023, indicating that he "is satisfied the statutory requirements for an award of attorneys' fees and costs are met in this case." Response at 2 (ECF No. 97). Petitioner did not file a reply thereafter. The matter is now ripe for disposition.

For the reasons discussed below, the undersigned grants petitioner's motion and awards a total of $36,233.84.

### I. Discussion

Under the Vaccine Act, the special master shall award reasonable attorneys' fees and costs for any petition that results in an award of compensation. 42 U.S.C. § 300aa-15(e)(1). When compensation is not awarded, the special master "may" award reasonable attorneys' fees and costs "if the special master or court determines that the petition was brought in good faith and there was a reasonable basis for the claim for which the petition was brought." Id. at §15(e)(1). In this case, because petitioner was awarded compensation pursuant to a stipulation, she is entitled to a final award of reasonable attorneys' fees and costs.

#### a. Reasonable Attorneys' Fees

The Federal Circuit has approved use of the lodestar approach to determine reasonable attorney's fees and costs under the Vaccine Act. Avera v. Sec'y of Health & Human Servs., 515 F.3d 1343, 1349 (Fed. Cir. 2008). Using the lodestar approach, a court first determines "an initial estimate of a reasonable attorney's fee by 'multiplying the number of hours reasonably expended on the litigation times a reasonable hourly rate.'" Id. at 1347-58 (quoting Blum v. Stenson, 465 U.S. 886, 888 (1984)). Then, the court may make an upward or downward departure from the initial calculation of the fee award based on other specific findings. Id. at 1348.

Counsel must submit fee requests that include contemporaneous and specific billing records indicating the service performed, the number of hours expended on the service, and the name of the person performing the service. See Savin v. Sec'y of Health and Human Servs., 85 Fed. Cl. 313, 316-18 (2008). Counsel should not include in their fee requests hours that are "excessive, redundant, or otherwise unnecessary." Saxton v. Sec'y of Health and Human Servs., 3 F.3d 1517, 1521 (Fed. Cir. 1993) (quoting Hensley v. Eckerhart, 461 U.S. 424, 434 (1983)). It is "well within the special master's discretion to reduce the hours to a number that, in [her] experience and judgment, [is] reasonable for the work done." Id. at 1522. Furthermore, the special master may reduce a fee request sua sponte, apart from objections raised by respondent and without providing a petitioner notice and opportunity to respond. See Sabella v. Sec'y of Health & Human Servs., 86 Fed. Cl. 201, 209 (2009).

A special master need not engage in a line-by-line analysis of a petitioner's fee application when reducing fees. Broekelschen v. Sec'y of Health & Human Servs., 102 Fed. Cl.

719, 729 (2011). Special masters may rely on their experience with the Vaccine Program and its attorneys to determine the reasonable number of hours expended. Wasson v. Sec'y of Health and Human Servs., 24 Cl. Ct. 482, 484 (Fed. Cl. Nov. 19, 1991) rev'd on other grounds and aff'd in relevant part, 988 F. 2d 131 (Fed. Cir. 1993). Just as "[t]rial courts routinely use their prior experience to reduce hourly rates and the number of hours clamed in attorney fee requests … [v]accine program special masters are also entitled to use their prior experience in reviewing fee application." Saxton, 3 F. 3d at 1521.

### i. Reasonable Hourly Rates

Petitioner requests the following hourly rates for the work of his counsel: for Mr. Lawrence Michel the rate of $350.00 per hour for all time billed from 2018 – 2023 and for attorney Christopher Kellogg, the rate of $275.00 per hour for time billed from 2022 – 2023. The undersigned finds the requested rate for Mr. Kellogg, to be reasonable and shall be awarded herein. However, the requested rates for Mr. Michel need further review.

Mr. Michel's requested rate of $350.00 per hour exceeds what he has been previously awarded in the Vaccine Program. See Perkins. Sec'y of Health & Human Servs., No. 17-487V, 2022 WL 2117976 (Fed. Cl. Spec. Mstr. May 19, 2022). In Thompson, Mr. Michel was awarded the rate of $275.00 for work performed in 2018 and $300.00 per hour for work performed from 2019 – 2021. The undersigned finds no reason to deviate from the previously awarded rates and awards them herein. Application of these rates results in a reduction of $2,620.00.[3]

The undersigned will now turn to establishing a reasonable rate increase for Mr. Michel's work for the years 2022 – 23. Although the undersigned does not doubt that an increase from his 2021 rate is reasonable, awarding the requested rate of $350.00 per hour for 2022 is excessive. Here, petitioner does not request compensation at forum rates for Mr. Michel (nor has petitioner submitted evidence which would permit the undersigned to make a reasoned determination as to whether Mr. Michel's locale of Salina, Kansas would bear similar rates as the forum of Washington, DC).

Special masters have traditionally turned to Producer Price Index for the Office of Lawyers ("PPI-OL") when determining an appropriate increase in yearly rate. See, e.g., Hubbell v. Sec'y of Health & Human Servs., No. 17-272V, 2019 WL 978815, at *2 (Fed. Cl. Spec. Mstr. Jan 17, 2019); Pember v. Sec'y of Health & Human Servs., No. 15-1005V, 2018 WL 3989514, at *1 n.2 (Fed. Cl. Spec. Mstr. Jun. 28, 2018); Hanson v. Sec'y of Health & Human Servs., No. 16-977V, 2018 WL 2772519, at *2 (Fed. Cl. Spec. Mstr. Mar. 9, 2018).

Although Mr. Michel is entitled to a rate increase, the amount requested is excessive. Based on Mr. Michel's overall legal experience and continuing accrual of relevant vaccine litigation experience, and the fact that his rate has remained unchanged since 2021, the

---

[3] $350.00 - $275.00 = $75.00 x 1 hr = $75.00.
  $350.00 - $300.00 = $50.00 x 50.90 hrs = $2,545.00.

undersigned will award Mr. Michel a rate of $325.00 per hour for 2022, and $350.00 per hour for 2023. Accordingly, applying the aforementioned rates to the hours billed in this case results in a further reduction of $170.00.[4]

### ii.  Reasonable Hours Expended

In reducing an award of fees, the goal is to achieve rough justice, and therefore a special master may take into account their overall sense of a case and may use estimates when reducing an award. See Florence v. Sec'y of Health & Human Servs., No. 15-255V, 2016 WL 6459592, at *5 (Fed. Cl. Spec. Mstr. Oct. 6, 2016) (citing Fox v. Vice, 563 U.S. 826, 838 (2011). It is well established that an application for fees and costs must sufficiently detail and explain the time billed so that a special master may determine, from the application and the case file, whether the amount requested is reasonable. Bell v. Sec'y of Health & Human Servs., 18 Cl. Ct. 751, 760 (1989); Rodriguez, 2009 WL 2568468. Petitioner bears the burden of documenting the fees and costs claimed. Id. at *8.

Attorneys' fees are awarded for the "number of hours reasonably expended on the litigation." Avera, 515 F.3d at 1348. Counsel should not include in their fee requests hours that are "excessive, redundant, or otherwise unnecessary." Saxton ex rel. Saxton v. Sec'y of Health & Human Servs., 3 F.3d 1517, 1521 (Fed. Cir. 1993) (quoting Hensley v. Eckerhart, 461 U.S. 424, 434 (1983)). "Unreasonably duplicative or excessive billing" includes "an attorney billing for a single task on multiple occasions, multiple attorneys billing for a single task, attorneys billing excessively for intra office communications, attorneys billing excessive hours, [and] attorneys entering erroneous billing entries." Raymo v. Sec'y of Health & Human Servs., 129 Fed. Cl. 691, 703 (2016). Ultimately, it is "well within the Special Master's discretion to reduce the hours to a number that, in [her] experience and judgment, [is] reasonable for the work done." Saxton, 3 F.3d at 1522. In exercising that discretion, special masters may reduce the number of hours submitted by a percentage of the amount charged. See Broekelschen, 102 Fed. Cl. at 728–29 (affirming the Special Master's reduction of attorney and paralegal hours); Guy v. Sec'y of Health & Human Servs., 38 Fed. Cl. 403, 406 (1997)*3.

Upon review, the undersigned finds the overall hours billed to be reasonable, however paralegal billed an excessive amount of time for relatively simple tasks, such as a minimum of 2 hours for filing exhibits and one entry for 9 hours filing medical records. In the undersigned's experience, it is unlikely that all filing documents would take multiple hours to complete, and this practice has likely resulted in overbilling. For these reasons, the undersigned finds that a two percent reduction to the attorneys' fees is warranted, resulting in a reduction of $599.05. Petitioner is therefore awarded final attorneys' fees of $27,594.50.

### b. Attorneys' Costs

---

[4] $350.00 - $325.00 = $25.00 x 6.8 hrs = $170.00.

Petitioner requests a total of $11,350.39 in attorneys' costs. This amount is comprised of acquiring medical records, the Court's filing fee, postage, and work performed by petitioner's medical expert, Dr. David Axelrod. The undersigned finds the majority of the costs to be reasonable, with the exception of the requested expert-associated fees.

Petitioner requests a total of $9,600.00 in expert fees for services provided by Dr. David Axelrod. "Fees for experts are subject to the same reasonableness standard as fees for attorneys." See Baker v. Sec'y of Health & Human Servs., 99-653V, 2005 WL 589431, at *1 (Fed. Cl. Spec. Mstr. Feb 24, 2005). The undersigned finds it necessary to reduce Petitioner's request for costs regarding tasks related to vagueness of entries by Dr. Axelrod.

Invoices show significant hours billed for entries listed as simply "chart review" and "research".[5] Pet. App. Ex 2 at 1 -2. It may be necessary and reasonable for an expert to conduct research connection with a petitioner's vaccine injury claim, however, just as an attorney's billing, the expert should describe what they are doing with specificity. Detailed information is necessary for the Court to evaluate whether the expert's work was reasonable and not duplicative. In the present case, the undersigned will reduce the hours related to "chart review" and "research" by 20%. This results in a deduction of $1,680.00.[6]

## II. Conclusion

Based on all of the above, the undersigned finds that it is reasonable compensate petitioner and her counsel as follows:

| | |
|---|---|
| Attorneys' Fees Requested | $29,952.50 |
| (Total Reduction from Billing Hours) | ($3,389.05) |
| **Total Attorneys' Fees Awarded** | **$26,563.45** |
| | |
| Attorneys' Costs Requested | $11,350.39 |
| (Reduction of Costs) | ($1,680.00) |
| **Total Attorneys' Costs Awarded** | **$9,670.39** |
| | |
| **Total Attorneys' Fees and Costs Awarded** | **$36,233.84** |

**Accordingly, the undersigned awards $36,233.84 in attorneys' fees and costs, in the form of a check payable jointly to petitioner and petitioner's counsel, Mr. Lawrence Gene Michel.**

---

[5] 6 hours billed as "Chart Review" and 15 hours billed as "research". Pet. App. Ex. 2 at 1 – 2.

[6] This is calculated as $400.00 x 21 hrs = $8,400.00 x .20 = $1,680.00.

In the absence of a motion for review filed pursuant to RCFC Appendix B, the Clerk of Court **SHALL ENTER JUDGMENT** in accordance with this decision.[7]

**IT IS SO ORDERED.**

**s/Nora Beth Dorsey**
Nora Beth Dorsey
Special Master

---

[7] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice renouncing the right to seek review.